Naomi Spector (SBN 222573)
Email: nspector@kamberlaw.com
Christopher D. Moon (SBN 246622)
Email: cmoon@kamberlaw.com
**KAMBERLAW, LLP**
9404 Genesee Avenue, Suite 340
La Jolla, California 92037
Phone: 310.400.1053
Fax: 212.202.6364

Counsel for Plaintiff Cory Brannon, and the
putative Classes

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY BRANNON, individually, and on behalf of others similarly situated,<br><br>                         Plaintiff,<br><br>        vs.<br><br>BARLEAN'S,<br><br>                         Defendant. | **Case No.:**   '18CV0981 BEN WVG<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**1.   UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICES (CAL. BUS & PROF. CODE §17200 *ET SEQ.*);**<br>**2.   DECEPTIVE ADVERTISING PRACTICES (CAL. BUS & PROF. CODE §§ 17500, *ET SEQ.*);**<br>**3.   CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750, *ET SEQ.*);**<br>**4.   BREACH OF EXPRESS WARRANTY; AND**<br>**5.   QUASI-CONTRACT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cory Brannon on behalf of himself and others similarly situated, by and through his undersigned counsel, hereby files this Class Action Complaint against Defendant Barlean's ("Defendant") and states as follows:

## NATURE OF THE ACTION

1. This case arises out of Defendant's unlawful merchandising practices with respect to its Barlean's Greens Supplement Powders (collectively, the "Products"). Defendant labels and advertises the Products as, among other things, "NATURE'S PERFECT SUPERFOOD," a "Pathway to a better life," "Vegan Superfood," and as containing "Antioxidant Power." In addition, Defendant states on the label of the Products that they are a "premium superfood created to:" "Support cleansing of organs and tissues"; "Super-Boost your health and ENERGY"; "Help improve digestion"; "Aid the body's natural detoxification"; and "Promote a healthy immune system." Defendant also states that the Products are "superfoods designed to invigorate and nourish both your mind and body. Masterfully formulated with Nature's most vitalizing plant-based ingredients . . . ." (collectively, "Representations").

2. These uniform, material Representations are false and misleading because they are not substantiated, and therefore violate the Dietary Supplement Health and Education Act of 1994 ("DSHEA"). In addition, the Representations are false and misleading because the Products contain lead, which is harmful, rather than beneficial, to a consumer's health.

3. In addition, the Products contain lead in amounts that exceed the .5 mcg/day allowable limit for lead under California's Proposition 65. According to independent laboratory testing, the Products substantially exceed the .5 mcg/day allowable limit. The Product purchased by Plaintiff, for example, contained 1.43 mcg of lead per serving, or almost three times the daily limit set by Prop 65. *See* Product Test Results for Barlean's Greens, Project ID No. 000019-001-001, attached hereto as Exhibit A. On information and belief, the directions for use suggest or previously suggested taking the Product one to three times per day; thus, the total amount of lead

consumed in the Product purchased by Plaintiff, for example, could be as much as 4.29 mcg, or almost 9 times the .5 mcg/day allowable limit under Proposition 65.

4. Notably absent from the label of the Products is a "clear and reasonable warning" pursuant to California's Proposition 65 that the Products exceed the .5 mcg/day allowable limit for lead under Proposition 65. *See* 27 C.C.R. 27001(c); Health & Safety Code § 25249.6. Defendant's failure to include the required Proposition 65 warning on the Products constitutes a material misrepresentation and/or omission, in violation of California consumer protection law.

5. This Complaint does not allege a violation of Proposition 65. Proposition 65 is relevant, however, to the extent it provides information concerning the material misrepresentations and omissions in violation of California's Consumer Protection laws, and guidance as to a reasonable consumer's purchasing decisions in California. Reasonable consumers purchased the Products believing, among other things, that they were in compliance with all applicable California regulations and safe according to California regulatory thresholds. Reasonable consumers would not have purchased the Products if they had known that they contained lead in excess of the California Proposition 65 limits, or would have purchased them on different terms.

6. Plaintiff brings this action individually and on behalf of those similarly situated and seeks to represent a National Class, and California Subclass (defined *infra*.). Plaintiff seeks damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and/or deceptive business practices, as detailed herein. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the labeling and marketing of the Products. Plaintiff makes these allegations based on his personal knowledge as to himself and his own acts and observations and, otherwise, on information and belief based on investigation of counsel.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C.

**CLASS ACTION COMPLAINT**

§ 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

8.      This Court has personal jurisdiction over Barlean's because Defendant's contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through its sales of the Products to California consumers.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant engages in continuous and systematic business activities within the State of California.  Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.  *See also* Declaration of Cory Brannon Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), attached hereto as Exhibit B.

## **PARTIES**

10.      Plaintiff Cory Brannon is a resident of San Diego, California, who purchased Barlean's Greens during the class period, as described below.  Plaintiff's claim is typical of all Class members in this regard.  In addition, the advertising and labeling on the package of the Product purchased by Plaintiff, including the Representations and omission of any Proposition 65 warning, is typical of the advertising and labeling of the Products purchased by members of the Classes.

11.      Defendant Barlean's is a Washington Corporation, with principal offices at 3660 Slater Road, Ferndale, WA 98248.

12.      Defendant and its agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district.  The unfair, unlawful, deceptive, and misleading advertising and labeling of the Products was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations alleged herein.

# FACTUAL ALLEGATIONS

## A.   Defendant Manufactures, Labels and Advertises the Products

13.   Defendant manufactures, labels, markets, promotes, advertises, and sells Barlean's Greens Products.

14.   Defendant markets and labels the Products with the Representations described herein.  The following images depict the Products and the uniform, material Representations made on the Products:




## B.   Defendant's Failure to Include the Proposition 65 Warning Is A Material Misrepresentation and Omission

15.   Absent from the label of the Products is any disclosure that the Products contain lead and a "clear and reasonable warning" pursuant to California's Proposition 65, that the Products exceed the .5 mcg/day allowable limit for lead.

16.   The People of the State of California declared by initiative under Proposition 65 their right "[t]o be informed about exposures to chemicals that cause cancer, birth defects, or other reproductive harm."  Proposition 65, § 1(b).  To effectuate this goal, California's Proposition 65, Health & Safety Code § 25249.5, *et*

*seq.*, prohibits exposing people to chemicals listed by the State of California as known to cause cancer, birth defects or other reproductive harm above certain levels without a "clear and reasonable warning," unless the business responsible for the exposure can prove that it fits within a statutory exemption.

17.    In 1987, the State of California officially listed lead as a chemical known to cause reproductive harm, and in 1992, California officially listed lead and lead compounds as chemicals known to cause cancer. One year later, in 1993, lead and lead compounds became subject to the clear and reasonable warning requirement regarding carcinogens under Proposition 65. *See* 27 C.C.R. 27001(c); Health & Safety Code § 25249.6. Specifically, a Proposition 65 warning is required where a total daily intake of lead exceeds .5 mcg.

18.    Lead is dangerous to humans, and can affect almost every organ and system in the body. Lead accumulates in the body over time, and can lead to health risks and toxicity, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, comas and death. Lead can also cross the fetal barrier during pregnancy, exposing the mother and developing fetus to serious risks, including reduced growth and premature birth.

19.    Defendant's Products exceed the Proposition 65 daily limit of .5 mcg of lead. *See, e.g.*, Exhibit A. In fact, based on independent testing, the Products exceed the allowable limit in a single serving. *Id.* The Products do not, however, contain the required Proposition 65 warning.

20.    Defendant materially misled and failed to adequately inform consumers, including Plaintiff, that the Products contain lead in excess of the Proposition 65 limit of .5 mcg per day.

21.    In addition, Defendant materially mislead consumers by making the Representations described herein, and failing to disclose that the Products contain lead and/or that they contain lead in excess of the Proposition 65 limits.

**CLASS ACTION COMPLAINT**

### C. Defendant's Structure/Function Claims Constitute Material Misrepresentations

22.     The Products are dietary supplements.

23.     Defendant makes numerous claims on the Products' labels and in advertising concerning how the Products affect the structure and/or function of the body, including that the Products: "Support cleansing of organs and tissues"; "Super-Boost your health and ENERGY"; "Help improve digestion"; "Aid the body's natural detoxification"; "Promote a healthy immune system"; and "invigorate and nourish both your mind and body." (collectively, "Structure/Function Representations").

24.     Dietary supplements are governed by the Dietary Supplement Health and Education Act of 1994 ("DSHEA").  Pursuant to DSHEA, a supplement manufacturer may only make claims concerning how a product affects the structure or function of the body without obtaining prior FDA approval if certain requirements are met, including that the manufacturer is able to substantiate that the claims are truthful and not misleading.  21 U.S.C. § 343(r)(6)(B).

25.     The FDA has adopted the FTC's substantiation standard of "competent and reliable scientific evidence" for dietary supplements.

26.     The universally accepted form of scientific evidence recognized by experts in the field for determining whether a substance provides any human health benefit is by demonstrating its value over placebo through high-quality, well-conducted randomized controlled clinical trials ("RCTs").  *See, e.g.,* 21 CFR 314.126.  Also, it is generally recognized that RCTs that are of sufficient quality to be relied upon for reaching efficacy conclusions should be subjected to a peer review process and published in a peer reviewed journal.

27.     Competent and reliable scientific evidence is defined as: "tests, analysis, research, studies, or other evidence based on the expertise of professionals in the relevant area that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results."  *See* Guidance for Industry Substantiation for Dietary

7

Supplement Claims Made Under Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act (Dec. 2008).

28.    Despite this clear standard, on information and belief, Defendant has not performed any reliable or high-quality RCTs substantiating any of its Structure/Function Representations about the Products, and cannot substantiate that the Structure/Function Representations are truthful and not misleading.

29.    Defendant's Structure/Function Representations are materially false and misleading, and fail to comply with the clear standards set forth under DSHEA.

30.    In addition, the Structure/Function Representations are materially false and misleading because the Products contain lead and contain lead in excess of the Proposition 65 limits, which directly contravenes the Structure/Function Representations.

31.    Moreover, the fact that the Products contain a small disclaimer on the bottom of the side label, which states: "These statements have not been evaluated by the Food and Drug Administration.  This product is not intended to diagnose, cure or prevent any disease" does not insulate Defendant's conduct.  *See* 21 U.S.C. § 343(r)(6)(B) (setting forth the labeling conditions in the conjunctive; that the manufacturer must have substantiation *and* the statement must contain a disclaimer).

### D.    Plaintiff and Consumers Purchased the Products to Their Detriment

32.    Based on Defendant's uniform material misrepresentations and omissions, Plaintiff and consumers have purchased the Products to their detriment.

33.    Plaintiff Cory Brannon purchased Barlean's Greens Organic Powder Formula from a Sprouts Farmers Market in Lemon Grove, California on or about May 13, 2017 for $41.99.  Plaintiff purchased the Product for personal and family use.

34.    Defendant labeled and sold the Products with the Structure/Function Representations, which are wholly unsubstantiated.

35.    In addition, Defendant labeled and sold the Products with the express Representations and without any labeling information or warning indicating to

consumers that they contained lead.  Defendant knew or should have known that reasonable consumers would consider the Representations and presence of lead in deciding to purchase the Products.  Accordingly, Defendant's Representations and omissions are false, misleading and reasonably likely to mislead reasonable consumers.

36.    Defendant made the material misrepresentations and omissions with the intend to defraud consumers in that, among other things, consumers would be less likely to purchase the Products if they knew the truth, *e.g.*, that the Representations were false and/or misleading, and that the Products contained lead.

37.    Plaintiff relied on the Product label and Defendant's Representations in making the decision to purchase the Product.

38.    At the time Plaintiff purchased the Product, Plaintiff did not know, and had no reason to know, that the Representations were misleading, deceptive and unlawful.  In addition,  Plaintiff did not know, and had no reason to know that the Product contained lead.  Nor did Plaintiff know, and had no reason to know, that the Product labels omitted the required Proposition 65 warning, and otherwise wholly failed to disclose the presence of lead in the Product.  Plaintiff would not have purchased the Products, or would have purchased them on different terms, if he had known the truth.

39.    It is possible, however, that Plaintiff would purchase the Products in the future if the Representations were truthful, and/or if the Products complied with the required California disclosure standards.

## CLASS DEFINITION AND CLASS ALLEGATIONS

40.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself, on behalf of all others similarly situated, and as a member the Classes defined as follows (collectively, the "Class"):

> All citizens of the United States who, within the relevant statute of limitations periods, purchased Defendant's Products ("Nationwide Class");

All citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products ("California Subclass");

41.     Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

42.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

43.     This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

44.     **Numerosity**:   Members of the Class are so numerous that joinder of all members is impracticable.   Upon information and belief, the Class consist of hundreds of thousands of purchasers dispersed throughout the United States, and the Subclass likewise consists of at least thousands of purchasers throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

45.     **Common Questions Predominate:**   There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.   Included within the common questions of law or fact are:

- Whether the Product Representations and omissions are, or any single Representation or omission is, false, misleading and/or deceptive;
- Whether Defendant made a material misrepresentation or omission by failing to provide a Proposition 65 warning on the Products;

- Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling its Products;
- Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*; and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;
- Whether Defendant committed a breach of express warranty;
- Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;
- Whether Plaintiff and the Class have sustained damage as a result of Defendant's unlawful conduct;
- The proper measure of damages sustained by Plaintiff and the Class; and
- Whether Defendant was unjustly enriched by its unlawful practices.

46. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent because Plaintiff, like the Class members, purchased Defendant's misbranded Products.   Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.   Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct.   Plaintiff's and Class Member's claims arise from the same practices and course of conduct and are based on the same legal theories.

47. **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

48. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual

**CLASS ACTION COMPLAINT**

joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

      a.    The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

      b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

      c.    Given the size of individual Class members' claims, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent members have no substantial interest in individually controlling the prosecution of individual actions;

      d.    When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

      e.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

49. Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

50. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final

injunctive or equitable relief with respect to the Class as a whole.

51.     The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are also met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

52.     Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unfair and Unlawful Business Acts and Practices**
**(Business and Professions Code § 17200, *et seq*.)**
**(*for the California Subclass*)**

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

54.     Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, *et seq*. (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

55.     Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

56.     Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

57.     Defendant's conduct was and continues to be unfair and fraudulent

because, directly or through its agents and employees, Defendant made uniform materially false representations and omissions.

58.   As described herein, Defendant made Structure/Function Representations, including that the Products: "Support cleansing of organs and tissues"; "Super-Boost your health and ENERGY"; "Help improve digestion"; "Aid the body's natural detoxification"; and "Promote a healthy immune system"; and "invigorate and nourish both your mind and body."  The Structure/Function Representations do not comply with DSHEA and are false and misleading.

59.   In addition, Defendant made materially false representations and omissions by failing to include the required Proposition 65 warning on the Products, even thought the Products exceed the Proposition 65 allowable lead limits.

60.   Defendant is aware that the representations and omissions it has made about the Products were and continue to be false and misleading.

61.   Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the labeling and advertising of the Products.

62.   There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

63.   Defendant's misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

64.   Defendant's conduct in making the representations and omissions described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors.  This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

65.   In addition, Defendant's conduct was, and continues to be, unfair, in that

its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

66.     Moreover, Plaintiff and members of the California Subclass could not have reasonably avoided such injury.  Defendant's uniform, material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading. Plaintiff purchased the Products in reliance on the Representations made by Defendant, as alleged herein, and without knowledge of Defendant's material misrepresentations and omissions.

67.     Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Subclass members.

68.     As a result of the business acts and practices described above, Plaintiff and members of the California Subclass, pursuant to § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant and such other Orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

69.     Pursuant to Civil Code § 3287(a), Plaintiff and the California Subclass are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct.  The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the California Subclass are entitled to interest in an amount according to proof.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### Deceptive Advertising Practices
### (California Business & Professions Code §§ 17500, *et seq.*)
### (*for the California Subclass*)

70.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

71.     California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising . . . ."

72.     Defendant violated § 17500 when it represented, through its false and misleading Representations and omissions, that Defendant's Products possessed characteristics and value that they did not actually have.   Among other things, Defendant made Structure/Function Representations and omissions, which do not comply with the DSHEA requirements, as described herein.   In addition, Defendant failed to include the required Proposition 65 warning and to disclose that the Products exceeded the allowable lead limits.

73.     Defendant's deceptive practices were specifically designed to induce reasonable consumers like Plaintiff to purchase the Products.   Defendant's uniform, material misrepresentations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its uniform misrepresentations and omissions were untrue and/or misleading.   Plaintiff purchased the Products in reliance on the Representations made by Defendant, as alleged herein.

74.     Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Subclass members.

75.     The above acts of Defendant were and are likely to deceive reasonable consumers in violation of § 17500.

76.     In making the statements and omissions alleged herein, Defendant knew

or should have known that the statements and representations were untrue or misleading, and acted in violation of § 17500.

77.     Defendant continues to engage in unlawful, unfair and deceptive practices in violation of §17500.

78.     As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500, Plaintiff and members of the California Subclass, pursuant to § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of its misrepresentations and omissions.

79.     Plaintiff and members of the California Subclass also request an Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

### THIRD CAUSE OF ACTION
### Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750, *et seq.*)
### (*for the California Subclass*)

80.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

81.     Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.

82.     The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

83.     The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

84.     Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

85.   Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

86.   Purchase of the Products by Plaintiff and members of the California Subclass are "transactions," as defined by the CLRA in California Civil Code §1761(e).

87.   Defendant violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" in that the Products are falsely and misleadingly labeled and represented, as described herein.

88.   Similarly, Defendant violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by making material misrepresentations and omissions, making the Structure/Function Representations, and omitting the required Proposition 65 warning.

89.   In addition, Defendant violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are misrepresented because they contain material misrepresentations and omissions.

90.   Defendant's uniform, material, misrepresentations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its misrepresentations and omissions were untrue and misleading.

91.   Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of facts that Defendant suppressed and failed to disclose; and, Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

92.   Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct. Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at the prices at which they were offered.

93.     Given that Defendant's conduct violated § 1770(a)(5), Plaintiff and members of the California Subclass are entitled to seek and seek injunctive relief to put an end to Defendant's violations of the CLRA.

94.     Moreover, Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally misled and withheld material information from consumers to increase the sale of the Products.

95.     Pursuant to California Civil Code § 1782(a), Plaintiff on his own behalf, and on behalf of members of the California Subclass, notified Defendant of the alleged violations of the Consumer Legal Remedies Act related to the fact that the Products contain lead.[1]  Despite giving Defendant far more than 30-days from the date of the notification letter to provide appropriate relief for violations of the CLRA, Defendant has failed to provide any such relief.  As such, Plaintiff also seeks compensatory, monetary and punitive damages for Plaintiff's claims that the Products contain lead, in addition to equitable and injunctive relief, and requests that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as is provided in California Civil Code § 1780 and in the Prayer for Relief.

96.     Plaintiff further requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2).

/ / /

---

[1] Plaintiff is sending another CLRA letter to Defendant concerning the structure/function Representations alleged herein.  For now, Plaintiff only seeks monetary damages under the CLRA pursuant to Plaintiff's claims related to lead and seeks injunctive relief for the claims structure/function Representations.  Plaintiff will amend his Complaint to also seek monetary relief for the Structure/Function claims after the 30-day notification period has run.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty
### (*for the Nationwide Class and California Subclass*)

97.     Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

98.     By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging, and through its marketing and advertising, as described herein.  This labeling and advertising constitutes express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, and Defendant.

99.     Defendant purports, through its advertising and labeling, to create express warranties that the Products comport with the Product Representations, including the Structure/Function Representations.

100.    Despite Defendant's express warranties about the nature of the Products, the Products do not comply with the Representations, do not meet the DSHEA standards for the Structure/Function Representations, and exceed the allowable lead limits, but do not contain the required Proposition 65 warning.  Thus, the Products were not what Defendant represented them to be.

101.    Accordingly, Defendant breached express warranties about the Products and their qualities because the Products do not conform to Defendant's affirmations and promises.

102.    Plaintiff and members of the Classes purchased the Products and reasonably relied on the express warranties made by Defendant.

103.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products.  Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### QUASI-CONTRACT
#### (*for the Nationwide Class and California Subclass*)

104.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

105.   By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

106.   Defendant had knowledge of such benefits.

107.   Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

108.   Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations and omissions.

109.   Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the expense of Plaintiff and members of the Class, and therefore restitution and/or disgorgement of such economic enrichment is required

### PRAYER

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against Defendant as follows:

A.   For an order certifying the Nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the nationwide Class and respective Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

B.   For an order declaring that Defendant's conduct violates the statutes and laws referenced herein.

C.   For an order awarding, as appropriate, compensatory and monetary damages, restitution or disgorgement to Plaintiff and the Class for all causes of action;

**CLASS ACTION COMPLAINT**

D.     For an order requiring Defendant to immediately cease and desist from selling its misbranded Products in violation of law; enjoining Defendant from continuing to label, market, advertise, distribute, and sell the Products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

E.     For an order awarding attorneys' fees and costs;

F.     For an order awarding punitive damages;

G.     For an order awarding pre-and post-judgment interest; and

H.     For such other and further relief as the Court deems just and proper.

DATED:  May17, 2018                    **KAMBERLAW, LLP**

By: _/s/ Naomi B. Spector_
Naomi B. Spector, Esq.
Christopher D. Moon, Esq.

*Attorneys for Plaintiff and the putative Classes*